**AMERICAN PRESIDENT LINES, Inc.**
v.
**MACKEY et al.**
Civ. A. No. 5367–52.

United States District Court
District of Columbia.
April 24, 1953.

Robert M. Scott, Asst. U. S. Atty., Washington, D. C., for motion of dismissal and opposed to motion for summary judgment.

Welburn Mayock, Washington, D. C., for motion for summary judgment and opposed to motion for dismissal.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment against the Commissioner of Immigration and Naturalization to declare certain immigration regulations promulgated on May 14, 1952, to be illegal and void. The defendant moves to dismiss the complaint.

■ The substantive right to secure a judicial review of agency action is conferred by the Administrative Procedure Act, U.S.C.A., Title 5, Section 1009(a). The form of action to secure such a review is also regulated by the Administrative Procedure Act, Section 1009(b). It is provided that the form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter, or in the absence or in the inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments. Accordingly, an action for a declaratory judgment is a proper remedy to secure a review of agency action. The complaint in such an action must, however, set forth an actual controversy. The Court is of the opinion that the amended complaint sets forth an actual controversy, and therefore the action may be maintained.

■ It has been suggested that the plaintiff has a remedy by way of an action in the Court of Claims to secure a refund of moneys claimed to have been paid under regulations alleged to be illegal. The Supreme Court held, however, in United States v. Holland-American Line, 254 U.S. 148, 41 S.Ct. 72, 65 L.Ed. 193, that such an action does not lie, on the ground that such a claim is founded on alleged torts of Federal officials, and therefore is not within the jurisdiction of the Court of Claims. In any event, under Rule 57 of the Federal Rules of Civil Procedure, 28 U.SC.A., the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The rule expressly so provides. Therefore, the Court will consider the merits.

■ The complaint sets forth a claim that certain regulations promulgated by the Commissioner of Immigration and Naturalization are illegal and void. The first regulation attacked is the definition of the term "alien", found in Section 155.1 of the regulation. That definition reads as follows:

"'The term 'alien' means any alien as defined by the immigration laws" —of course, that is surplusage— "and any person applying for admission to the United States on the ground that he is a citizen or a national of the United States."

In other words, an American citizen who travels abroad, when he returns to this country is to be deemed an alien at the port of admission, according to this regulation. Obviously, this regulation is void. No citizen of the United States can be deprived of his citizenship by any regulation. I assume that what was intended was to provide that certain regulations relating to the entry of persons seeking admission into the United States shall be applicable not only to aliens but also to persons applying for admission on the ground that they are citizens. If that is what was intended, it would have been easy to say so.

A group of regulations is attacked which imposes on transportation companies bringing aliens to the United States the payment of detention expenses of applicants for admission to this country. Title 8, Section 151 (now Sec. 1223 (c), provides that the transportation company may be required to pay the detention expenses. However, by the Act of December 19, 1944, 58 Stat. 817,[1] an ex-

---

1. Now 8 U.S.C.A. § 1323.

ception to that provision was enacted, to the effect that no fine, refund, or any expense incident to detention in connection with an application for admission into the United States shall be assessed or required for bringing into the United States any alien, if such alien holds an unexpired visa issued by a United States consul within sixty days of the alien's foreign embarkation. The purpose of this exception is clear. It was to permit steamship companies and others to rely on a formal, solemn document, such as a visa, issued by an American consul. These regulations, however, require initial payments to be made to cover detention expenses of all aliens, even those who are within the proviso, presumably on the theory that, in the case of any alien later found to be within the proviso, there shall be a refund. At least, that is what the Court assumes.

 Does the Commissioner of Immigration and Naturalization have authority by his rule-making power to exact payments in advance in cases in which the statute says no payments may be required? One must bear in mind that the rule-making power is not a power to legislate. It is not a power to add to a statute. It would be contrary to the Constitution and contrary to the genius of our institutions to permit executive or administrative officials to legislate. The rule-making power is merely power to fill in details within the limitations of the statute. These regulations are not limited to filling in details within the framework of the statute. They add to the statute. They may, perhaps, be reasonable. While I can see good reason for attempting to collect these moneys in advance, the argument must be addressed to the Congress rather than to this Court.

The Court is of the opinion that the challenged regulations are invalid and void, and will so hold. The motion to dismiss the complaint is denied, and the motion of the plaintiff for summary judgment is granted.